IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES T. TEAGUE, JR., CW-5683,        )
    Petitioner,                    )
                                      )
    v.                             )   Civil Action No. 07-738
                                      )
COURT OF COMMON PLEAS,                )
MERCER COUNTY, et al.,                )
    Respondents.                   )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of James T. Teague, Jr. for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

II. Report:

James T. League, Jr. an inmate at the State Correctional Institution at Waymart has presented a petition for a writ of habeas corpus.[1]

Teague is presently incarcerated serving a sentence imposed following his conviction upon a plea of guilty to charges of third degree murder and kidnaping in the Court of Common

---

[1] Petitioner has submitted a "petition for writ of error in the nature of a writ of error coram nobis" which seeks to challenge his further commitment entered following a conviction in the Court of Common Pleas of Mercer County, Pennsylvania. Since he seeks primarily either a reversal of his conviction, a judgment of acquittal and in arrest of judgment, or immediate release and a new trial, the instant petition is characterized as one for a writ of habeas corpus. We observe that Teague also seeks compensation for his "unlawful" incarceration, but this claim likewise goes to the legality of his detention, again supporting the conclusion that his petition here is in the nature of one seeking habeas corpus relief.

Pleas of Mercer County, Pennsylvania.

The instant petition was received in this Court on May3, 2007. However, this is not the first federal challenge that the petitioner has direct at this conviction. Teague filed a federal habeas corpus petition in this Court at C.A. 02-622 challenging this same conviction. In the latter case, a Report and Recommendation was filed on June 17, 2003 recommending that the petition be dismissed and that a certificate of appealability be denied on grounds of procedural default. That Report and Recommendation was adopted as the Opinion of the Court on July 15, 2003, and a certificate of appealability was denied.[2] An appeal was not pursued.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or

---

[2] A copy of the Report and Recommendation and the Order of Court are attached as exhibits hereto.

> successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition of James T. Teague, Jr., for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: June 4, 2007

Case 2:07-cv-00738-DSC-RCM    Document 4    Filed 06/04/2007    Page 4 of 4